1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINTON
AT SEATTLE

7
8

STEPHEN J. TUTTLE, an individual, and
DUSTIN COLLMAN, an individual; on behalf
of themselves and persons similarly situated;

No.   2:22-cv-01081

9
10

Plaintiffs,

v.

**CLASS ACTION COMPLAINT**

11
12

AUDIOPHILE MUSIC DIRECT, INC. d/b/a
MUSIC DIRECT, MOBILE FIDELITY,
MOBILE FIDELITY SOUND LAB and/or
MOFI;

**JURY TRIAL DEMANDED**

13

Defendant.

14

## OVERVIEW

15    1.    Defendant Audiophile Music Direct, Inc. ("Music Direct") is a producer and seller

16    of vinyl music recordings.  One of its product lines consists of analog recordings that are  made

17    without the use of digital processing, i.e., by duplicating the original analog master recordings

18    using only analog  processes.   Such recordings are referred to a "triple analog," and are highly

19
20    valued by high-end audiophiles and collectors.

21    2.    Music Direct advertised and otherwise represented that many of its recordings were

22    "triple analog," when in fact they were not.  Plaintiffs and members of the putative class

23    reasonably relied upon these representations, purchased the products, and were damaged thereby.

24    Alternatively, Music directs advertising and other statements about the analog characteristics of

25
26

CLASS ACTION COMPLAINT - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

1   its products were deceptive and misleading and were the proximate cause of the Plaintiffs' and
2   the Class's damages.

3          3.      Plaintiffs seek certification of a nation-wide class action brought under the common
4   law breach of contract, unjust enrichment, and the Illinois Consumer Fraud Act ("CFA"), and
5   certification of a Washington Class under the Washington Consumer Protection/Unfair Business
6   Practices Act, ("CPA") and the above-mentioned common law claims.  Each putative class
7   consists of all direct purchasers of  the deceptively marketed triple analog recordings.

## PARTIES

8          4.      Plaintiff Stephen J. Tuttle is a resident of the State of Washington residing on
9
10  Camano Island in Island County. At various times during the Class Period, as defined below, Mr.
11  Tuttle purchased directly from Music Direct deceptively advertised triple analog recordings.
12

13         5.      Plaintiff Dustin Collman is a resident of the State of Oregon.  At various times
14  during the Class Period, as defined below, Mr. Collman purchased directly from Music Direct
15  deceptively advertised triple analog recordings.

16         6.      Defendant Audiophile Music Direct, Inc. has its headquarters at 1811 Bryn Mawr
17
18  Avenue, Chicago, Illinois 60660.  It does business as "Music Direct," "Mobile Fidelity,"
19  "Mobile Fidelity Sound Lab," and "MoFi."

20         7.      On its website in the "about us" section, Music Direct describes itself as follows:
21  "The world's largest online retailer of high-end audio, audiophile music, and accessories. We
22  specialize in vinyl records and turntables."

23         8.      Music Direct purchased a company doing business as Mobile Fidelity and/or MoFi
24  in 2001.  Since then, Mobile Fidelity has been either a subsidiary of Music Direct and/or a
25  tradename of Music Direct.
26

CLASS ACTION COMPLAINT - 2

9.    Music Direct's President is James R. Davis.

10.    According to www.referenceusa.com, Music Direct's sales volume has exceeded $40 million dollars from 2017 to the present.

## JURISDICTION AND VENUE

11.    Plaintiff Stephen J. Tuttle resides in Washington State within the Western District. While residing in the Western District, he received and reviewed communication and advertisements from Music Direct that the defendant purposefully directed into the State of Washington. Thus, Music Direct's wrongful conduct, at least in part, occurred within the jurisdiction of the Western District of Washington.

12.    On information and belief, Music Direct has substantial ongoing business relationships in Washington with other consumers and with retailers who purchase and resell its products. Those retailers who purchased fraudulent triple analog vinyl records from Music Direct are within the putative class, and the wrongful conduct directed at them occurred, in whole or in part, within the Western District.

13.    Music Direct's numerous and ongoing contacts with the State of Washington are sufficient to establish the court's general personal jurisdiction over Music Direct.

14.    In the alternative, Music Direct's wrongful conduct is sufficient for the court to exercise specific jurisdiction over it.

15.    There is complete diversity of citizenship between and among the plaintiffs on the one hand and the defendant on the other, and the amount in controversy in this case exceeds $75,000.

16.    This Court has jurisdiction over this matter under 28 U.S.C § 1332(a)(1).

CLASS ACTION COMPLAINT - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

17.    Venue is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omission giving rise to the claims of the plaintiffs occurred within the Western District.

18.    Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3), as Music Direct, on information and belief, does business in virtually every district within the United States.

### FACTS PERTAINING TO THE PLAINTIFFS AND THE CLASS

19.    A certain subset of audiophiles favor analog recordings over the more modern digital records due to a wide range of objective and subjective criteria.  In general, however, there is a belief that analog recordings preserve the entire dynamic range of the sound that has been recorded, whereas digital recording limits or compresses the signal in a way that limits the dynamic range.  Also, there is a certain emotional and tactile response to the handling and playing of vinyl records.

20.    Music Direct has made numerous representations to it target audience of audiophiles that tout its analog records as being entirely reproduced in an analog format. Whereas it is possible to produce an analog vinyl disc from a digital master or a digital reproduction, a triple analog recording is produced along a chain that begins with an analog original master recording and ends with a vinyl record without any intervening digital storage or reproduction.  For example, a viewing of MoFi's website from 2019 offered a number of products such as the one illustrated here, with a top banner stating "Original Master Recording."



The Doobie Brothers - The Captain and Me
Hybrid SACD
Our Price: $29.99
Sale Price: $19.99
Savings: $10.00
In Stock

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

21.    Additionally, Music Direct's production staff made statements to the public guaranteeing that, where advertised, the purported analog recordings were completely analog. An example of this is found at https://www.youtube.com/watch?v=z-td3Uk5TIQ where Mobile Fidelity's technician Shawn R. Britton states:  "People ask us, 'Is it an all-analog mastering chain?'  It is."  *Id.* at the one minute forty-one second mark.

22.    Based on this representation of quality and exclusivity, Music Direct was able to charge a high premium for the vinyl recordings it was selling.

23.    The Plaintiffs and the Class reasonably relied on Music Direct's representations when making decision to purchase the premium products.

24.    The nature, methods, and impact of Music Direct's misrepresentations and omissions have been documented and explained by numerous persons with specialized knowledge in the field of all-analog reproduction and the specialized audiophile market. For example see the following:

- "Breaking News: All Mobile Fidelity titles since 2015 Are digital?  My thoughts.

   https://www.youtube.com/watch?v=CtJRis-Ba1Q&t=27s

- "Did Mobile Fidelity Lie??"

   https://www.youtube.com/watch?v=S6kFRQ9NTDw&list=PLUbFPDBK0x5P3M Jj2rVOlb2J6S3-RRa7-

- "MoFi is Digital!!!"

   https://www.youtube.com/watch?v=O69pxbUWAeg

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

25.   Music Direct's President on or about July 27, 2022, acknowledged that the representations that many of the recordings were all-analog were untrue and issued this statement:

> We at Mobile Fidelity Sound Lab are aware of customer complaints regarding use of digital technology in our mastering chain. We apologize for using vague language, allowing false narratives to propagate, and for taking for granted the goodwill and trust our customers place in the Mobile Fidelity Sound Lab brand.
>
> We recognize our conduct has resulted in both anger and confusion in the marketplace. Moving forward, we are adopting a policy of 100% transparency regarding the provenance of our audio products. We are immediately working on updating our websites, future printed materials, and packaging — as well as providing our sales and customer service representatives with these details. We will also provide clear, specific definitions when it comes to Mobile Fidelity Sound Lab marketing branding such as Original Master Recording (OMR) and UltraDisc One-Step (UD1S). We will backfill source information on previous releases so Mobile Fidelity Sound Lab customers can feel as confident in owning their products as we are in making them.
>
> We thank you for your past support and hope you allow us to continue to provide you the best-sounding records possible — an aim we've achieved and continue to pursue with pride.
>
> Jim Davis
> President, Mobile Fidelity Sound Lab

26.   Prior to that announcement, the Plaintiffs and the Class had no reason to know that Music Direct's representations of triple analog or all-analog were untrue.

27.   On information and belief, Music Direct has been materially misrepresenting the "all-analog" nature of some of its recordings since 2015.

28.   The Plaintiffs and the Class have been induced to purchase vinyl recordings that were materially mislabeled and suffered damages as a proximate result.

## **FACTS PERTAINING TO THE PLAINTIFFS**

29.   Plaintiff Stephen J. Tuttle resides in Washington State.  He is an avid audiophile who saw Music Direct's representations about the all-analog recordings and reasonably relied

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

thereon.  As a proximate result, he purchased a number of recordings from Music Direct at inflated prices and suffered damages thereby.

30.   Plaintiff Dustin Collman resides in Oregon.  He is an avid audiophile who saw Music Direct's representations about the all-analog recordings and reasonably relied thereon.  As a proximate result, he purchased a number of recordings from Music Direct at inflated prices and suffered damages thereby.

## CLASS ALLEGATIONS

31.   Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all members of the proposed Class.

32.   Plaintiffs are proposing two classes, one a Washington Class based on common law breach of contract, unjust enrichment, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. and a national class based on common law breach of contract, unjust enrichment, and the Illinois Consumer Fraud Act ("CFA") 815 ILCS § 505/1 *et seq*.

33.   The Washington Class is defined as follows:

> All persons and entities who, during the Class Period in the State of Washington, directly purchased from Music Direct (or its subsidiaries or d/b/a's) vinyl records which were not fully produced by and from analog sources but which were promoted or advertised as being completely produced by and from analog sources and/or which were not completely analog recordings and were labeled in a manner likely to cause deception or confusion among the buyers in the Class.

34.   The National Class is defined as follows:

> All persons and entities who, during the Class Period in the United States and its territories and possessions, directly purchased from Music Direct (or its subsidiaries or d/b/a's) vinyl records which were not fully produced by and from analog sources but which were promoted or advertised as being completely produced by and from analog sources and/or which were not completely analog recordings and were labeled in a manner likely to cause deception or confusion among the buyers in the Class.

CLASS ACTION COMPLAINT - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

35.    The Class Period encompasses the time from 2015 (when Music Direct likely began misdescribing its all-analog products) to the present.  Alternatively, the Class Period encompasses the time from six years prior to July 27, 2022, to the present.

36.    Plaintiffs reserve the right to amend or modify this Complaint and/or the proposed Class definitions after receiving Defendant's Answer and responses to meaningful discovery and/or in the motion for class certification.

37.    Based on the size of the Defendant's business and its position in the market for similar products, Plaintiffs believe and allege that the proposed classes consist of a sufficiently large number of members, and individual joinder would be impracticable. The precise number and identities of Class members are unknown to Plaintiffs but should be obtainable through notice and discovery of the Defendant's business records of orders from, payments from, and shipments to the direct purchasers. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendant.

38.    Plaintiffs will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

39.    Plaintiffs' claims are typical of the claims of the Class whose members sustained similar types of injuries arising out of the conduct challenged in this action.  The injuries flow from a common nucleus of policies and practices by the Defendants and are based on the same legal theories.

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

40.    There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

41.    The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members.  Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members.  Individual questions, if any, pale by comparison to the numerous common questions that predominate.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable.  Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

43.    The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

## CAUSES OF ACTION

### Count 1 – Washington Consumer Protection Act – Washington Class

44.    As described more fully above, the Defendant offered for sale products that it represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

45.    Washington's Consumer Protection/Unfair Business Practices Act ("CPA"), RCW 19.86.020 states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

46.    Under the CPA, "any person injured in their business or property by a violation of [the CPA]  may bring a civil action in superior court to enjoin further violations, to recover the

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee."

47.     Under the CPA, a plaintiff must prove by a preponderance of the evidence the following: an unfair or deceptive act or practice occurring in trade or commerce, public interest impact, injury to plaintiff's business or property, and causation.

48.     To find public interest impact in a consumer transaction, five factors apply: whether the alleged act was committed in the course of the defendant's business, whether it was part of a pattern or generalized course of conduct, whether repeated acts were committed prior to the act involving the plaintiff, whether there is a real and substantial potential for repetition of the defendant's conduct following the act involving the plaintiff, and, if the act involved a single transaction, whether many consumers were affected or are likely to be affected by it. Based on the allegations stated above, the public interest element is fully met.

49.     Under the CPA, a plaintiff need not show that the defendant intended to deceive, only that the representations had the capacity to deceive a substantial portion of the public. There is no requirement to show reasonable reliance of the deceptive representations.

50.     The Defendant's statements and material omissions about the quality of characteristics of certain of its analog vinyl recordings were false and deceptive and/or had the capacity to deceive the buying public.

51.     Plaintiffs and the Class suffered damages that were proximate results of the Defendant's wrongful conduct.

52.     Plaintiffs and the Class are entitled to recover actual damages, treble damages up to $25,000 per violation, prejudgment interest, and attorneys' fees and costs.

CLASS ACTION COMPLAINT - 10

**Counts 2 – Breach of Contract – National Class**

53.     As described more fully above, the Defendant offered for sale products that it represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

54.     Plaintiffs and the Class accepted the offer of the products as described by the Defendant.

55.     The products offered by the Defendant were sold with a stated or implied warranty of fitness for a particular purpose, i.e., the reproduction of 100% analog sound by the purchaser. The Defendant breached this warranty.

56.     The products offered by the Defendant were sold with an implied warranty of merchantability, i.e., that they products were as stated in the promotions.  The Defendant breached this warranty.

57.     All contracts contain a warranty of good faith and fair dealing.  The Defendant breached this warranty.

58.     As a proximate result of the Defendant's breaches of warranty, the Plaintiff and the Class suffered economic injury in the amount of the purchase prices paid and are entitled to recover these sums with prejudgment interest.

**Count 3 -  Unjust Enrichment – National Class**

59.     As described more fully above, the Defendant offered for sale products that it represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

60.     Plaintiffs and the Class accepted the offer of the products as described by the Defendant.

61.     The Defendant's statements and material omissions about the quality of characteristics of certain of its analog vinyl recordings were false and deceptive.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

62.     As a proximate result of its wrongful conduct, the Defendant has been unjustly enriched in the amount of the sale prices of the subject merchandise, and Plaintiffs and the Class are entitled to recover these sums.

### Count 4 -  Breach of the Illinois Consumer Fraud Act – National Class

63.     To state a claim under the CFA, a complaint must set forth specific facts that show a deceptive act or practice by the defendant; the defendant's intent that the plaintiff rely on the deception; the deception occurred in the course of conduct involving a trade or commerce; and the consumer fraud proximately caused the plaintiff's injury.

64.     The CFA at 815 ILCS 505/2 provides as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. §  45].

65.     The referenced Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (7), specifically defines as a deceptive act or practice "represent[ing] that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another."

66.     As stated more fully above, the Defendant's act of misrepresenting the nature of its purported all-analog vinyl recordings was a violation of 815 ILCS 505/2 and 815 ILCS 510/2 (7), that occurred in the course of trade or commerce.  Defendants intended that the Plaintiffs and

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

the Class rely on the misrepresentations and/or omissions, and the Plaintiffs and the Class reasonably did so, and thereby suffered compensable damages.

67.    The Plaintiffs and the Class are entitled to recover actual damages, prejudgment interest, exemplary damages, attorney's fees, and costs to the extent provided by law.

## PRAYER FOR RELIEF

Based upon the above allegations, the Plaintiffs request the following relief as appropriate for each cause of action:

A.    An Order certifying that this action be maintained as a class action for all claims and appointing Plaintiffs as Representatives of the Classes and their counsel as Class Counsel;

B.    For all actual, incidental, consequential, exemplary and/or statutory damages as provided for by law under the above causes of action that permit such relief including exemplary damages under  the common law, the CPA, the CFA, and any other applicable provision of law, and recovery of other monies expended by Plaintiffs and members of the Class;

C.    For an award of attorneys' fees to the extent available under applicable law;

D.    For costs of suit herein incurred;

E.    For pre- and post-judgment interest; and/or

F.    For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

CLASS ACTION COMPLAINT - 13

1      **DATED:** August 2, 2022.

2

3                                          **BADGLEY MULLINS TURNER PLLC**

4                                          */s/Duncan C. Turner*
                                           Duncan C. Turner, WSBA No. 20597
5                                          19929 Ballinger Way NE, #200
                                           Seattle, WA 98155
6                                          Telephone:  (206) 621-6566
                                           Email: dturner@badgleymullins.com
7                                          **Attorneys for Plaintiffs and Putative Class**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 14