Hon. James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN J. TUTTLE, an individual, and DUSTIN COLLMAN, an individual; on behalf of themselves and persons similarly situated;<br><br>Plaintiffs,<br>v.<br><br>AUDIOPHILE MUSIC DIRECT, INC. d/b/a MUSIC DIRECT and MOBILE FIDELITY SOUND LAB, INC. d/b/a MOBILE FIDELITY and/or MOFI;<br><br>Defendants. | No.   2:22-cv-1081-JLR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## OVERVIEW

1. Defendant Audiophile Music Direct, Inc. ("Music Direct") and Mobile Fidelity Sound Lab, Inc. ("MoFi") (collectively "Defendants") are producers and sellers of vinyl music recordings. One of their product lines consists of analog recordings that are made without the use of digital processing, i.e., by duplicating the original analog master recordings using only analog processes. Such recordings are referred to a "triple analog," and are highly valued by high-end audiophiles and collectors.

2. Defendants advertised and otherwise represented that many of their recordings were "triple analog," when in fact they were not. Some of these recordings were purchased directly from Music Direct and MoFi or from retailers who had purchased from one or both of the Defendants. Plaintiffs and members of the putative class reasonably relied upon these

FIRST AMENDED CLASS ACTION
COMPLAINT - 1
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

representations, purchased the products, and were damaged thereby. Alternatively, Defendants' advertising and other statements about the analog characteristics of their products were deceptive and misleading and were the proximate cause of the Plaintiffs' and the Class's damages.

3. The recordings in question ("Subject Recordings") were produced under processes named by the Defendants as either "Original Master Recording" (OMR) or "UltraDisc One-Step" (UD1S).

4. Plaintiffs seek certification of a nation-wide class action brought under the common law breach of contract, unjust enrichment, and the Illinois Consumer Fraud Act ("CFA"), and certification of a Washington Class under the Washington Consumer Protection/Unfair Business Practices Act, ("CPA") and the above-mentioned common law claims. Each putative class consists of all direct purchasers of the Subject Recordings.

## PARTIES

5. Plaintiff Stephen J. Tuttle is a resident of the State of Washington residing on Camano Island in Island County. At various times during the Class Period, as defined below, Mr. Tuttle purchased from the Defendants and/or their retailers Subject Recordings.

6. Plaintiff Dustin Collman is a resident of the State of Oregon. At various times during the Class Period, as defined below, Mr. Collman purchased from the Defendants and/or their retailers Subject Recordings.

7. Defendant Audiophile Music Direct, Inc. has its headquarters at 1811 Bryn Mawr Avenue, Chicago, Illinois 60660. It does business as "Music Direct."

8. Defendant Mobile Fidelity Sound Lab, Inc.," has its headquarters at 105 Morris Street, #145, Sebastopol, CA. It does business as "Mobile Fidelity" and "MoFi."

FIRST AMENDED CLASS ACTION
COMPLAINT - 2
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

9. On its website in the "about us" section, Music Direct describes itself as follows: "The world's largest online retailer of high-end audio, audiophile music, and accessories. We specialize in vinyl records and turntables."

10. Music Direct purchased MoFi in 2001. Since then, Mobile Fidelity Sound Lab, Inc. has been either a subsidiary of Music Direct and/or a tradename of Music Direct.

11. Music Direct's and MoFi's President is James R. Davis.

12. According to www.referenceusa.com, Music Direct's sales volume has exceeded $40 million dollars from 2017 to the present.

## JURISDICTION AND VENUE

13. Plaintiff Stephen J. Tuttle resides in Washington State within the Western District. While residing in the Western District, he received and reviewed communication and advertisements from Defendants that the defendant purposefully directed into the State of Washington. Thus, Defendants' wrongful conduct, at least in part, occurred within the jurisdiction of the Western District of Washington.

14. On information and belief, Defendants have substantial ongoing business relationships in Washington with other consumers and with retailers who purchase and resell their products.

15. Defendants' numerous and ongoing contacts with the State of Washington are sufficient to establish the court's general personal jurisdiction over Defendants.

16. In the alternative, Defendants' wrongful conduct is sufficient for the court to exercise specific jurisdiction over it.

FIRST AMENDED CLASS ACTION
COMPLAINT - 3
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

17. There is complete diversity of citizenship between and among the plaintiffs on the one hand and the defendant on the other, and the amount in controversy in this case exceeds $75,000.

18. This Court has jurisdiction over this matter under 28 U.S.C § 1332(a)(1).

19. Venue is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omission giving rise to the claims of the plaintiffs occurred within the Western District.

20. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3), as Defendants, on information and belief, does business in virtually every district within the United States.

## FACTS PERTAINING TO THE PLAINTIFFS AND THE CLASS

21. A certain subset of audiophiles favor analog recordings over the more modern digital records due to a wide range of objective and subjective criteria. In general, however, there is a belief that analog recordings preserve the entire dynamic range of the sound that has been recorded, whereas digital recording limits or compresses the signal in a way that limits the dynamic range. Also, there is a certain emotional and tactile response to the handling and playing of vinyl records.

22. Defendants have made numerous representations to it target audience of audiophiles that tout their analog records as being entirely reproduced in an analog format. Whereas it is possible to produce an analog vinyl disc from a digital master or a digital reproduction, a triple analog recording is produced along a chain that begins with an analog original master recording and ends with a vinyl record without any intervening digital storage or reproduction. For example, a viewing of MoFi's website from 2019 offered a number of products such as the one illustrated here, with a top banner stating "Original Master Recording."

FIRST AMENDED CLASS ACTION
COMPLAINT - 4
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686



23. Additionally, Defendants' production staff made statements to the public guaranteeing that, where advertised, the purported analog recordings were completely analog. An example of this is found at https://www.youtube.com/watch?v=z-td3Uk5TIQ where Mobile Fidelity's technician Shawn R. Britton states: "People ask us, 'Is it an all-analog mastering chain?' It is." *Id*. at the one minute forty-one second mark.

24. Based on this representation of quality and exclusivity, Defendants were able to charge a high premium for the Subject Recordings.

25. The Plaintiffs and the Class reasonably relied on Defendants' representations when making decision to purchase the premium products.

26. The nature, methods, and impact of Defendants' misrepresentations and omissions have been documented and explained by numerous persons with specialized knowledge in the field of all-analog reproduction and the specialized audiophile market. For example, see the following:

- "Breaking News: All Mobile Fidelity titles since 2015 Are digital? My thoughts. https://www.youtube.com/watch?v=CtJRis-Ba1Q&t=27s

FIRST AMENDED CLASS ACTION COMPLAINT - 5
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

- "Did Mobile Fidelity Lie??"

    https://www.youtube.com/watch?v=S6kFRQ9NTDw&list=PLUbFPDBK0x5P3MJj2rVOlb2J6S3-RRa7-

- "MoFi is Digital!!!"

    https://www.youtube.com/watch?v=O69pxbUWAeg

27. Defendants' President on or about July 27, 2022, acknowledged that the representations that many of the recordings were all-analog were untrue and issued this statement:

> We at Mobile Fidelity Sound Lab are aware of customer complaints regarding use of digital technology in our mastering chain. We apologize for using vague language, allowing false narratives to propagate, and for taking for granted the goodwill and trust our customers place in the Mobile Fidelity Sound Lab brand.
> We recognize our conduct has resulted in both anger and confusion in the marketplace. Moving forward, we are adopting a policy of 100% transparency regarding the provenance of our audio products. We are immediately working on updating our websites, future printed materials, and packaging — as well as providing our sales and customer service representatives with these details. We will also provide clear, specific definitions when it comes to Mobile Fidelity Sound Lab marketing branding such as Original Master Recording (OMR) and UltraDisc One-Step (UD1S). We will backfill source information on previous releases so Mobile Fidelity Sound Lab customers can feel as confident in owning their products as we are in making them.
> We thank you for your past support and hope you allow us to continue to provide you the best-sounding records possible — an aim we've achieved and continue to pursue with pride.
>
> Jim Davis
> President, Mobile Fidelity Sound Lab

28. Prior to that announcement, the Plaintiffs and the Class had no reason to know that Defendants' representations concerning the Subject Recordings were untrue.

FIRST AMENDED CLASS ACTION COMPLAINT - 6
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

29. On information and belief, Defendants have been materially misrepresenting the "all-analog" nature of the Subject Recordings since 2002.

30. The Plaintiffs and the Class have been induced to purchase vinyl recordings that were materially mislabeled and suffered damages as a proximate result.

## FACTS PERTAINING TO THE PLAINTIFFS

31. Plaintiff Stephen J. Tuttle resides in Washington State. He is an avid audiophile who saw Defendants' representations about the all-analog recordings and reasonably relied thereon. As a proximate result, he purchased a number of Subject Recordings from Defendants at inflated prices and suffered damages thereby.

32. Plaintiff Dustin Collman resides in Oregon. He is an avid audiophile who saw Defendants' representations about the all-analog recordings and reasonably relied thereon. As a proximate result, he purchased a number of Subject Recordings from Defendants at inflated prices and suffered damages thereby.

## CLASS ALLEGATIONS

33. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all members of the proposed Class.

34. Plaintiffs are proposing two classes, one a Washington Class based on common law breach of contract, unjust enrichment, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq*. and a national class based on common law breach of contract, unjust enrichment, and the Illinois Consumer Fraud Act ("CFA") 815 ILCS § 505/1 *et seq*.

35. The Washington Class is defined as follows:

> All persons and entities who, during the Class Period in the State of Washington, directly purchased from Defendants or their retailer's vinyl records that were manufactured using processes known as Original Master Recording (OMR) and UltraDisc One-Step (UD1S).

FIRST AMENDED CLASS ACTION COMPLAINT - 7
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

36. The National Class is defined as follows:

> All persons and entities who, during the Class Period in the United States and its territories and possessions, Original Master Recording (OMR) and UltraDisc One-Step (UD1S).

37. The Class Period encompasses the time from at least 2002 (when Defendants likely began misdescribing Subject Recordings as "all analog" or similar descriptions) to the present.

38. Plaintiffs reserve the right to amend or modify this Complaint and/or the proposed Class definitions after receiving Defendant's Answers and responses to meaningful discovery and/or in the motion for class certification.

39. Based on the size of the Defendant's business and their position in the market for similar products, Plaintiffs believe and allege that the proposed classes consist of a sufficiently large number of members, and individual joinder would be impracticable. The precise number and identities of Class members are unknown to Plaintiffs but should be obtainable through notice and discovery of the Defendant's business records of orders from, payments from, and shipments to the direct purchasers. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendants.

40. Plaintiffs will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

41. Plaintiffs' claims are typical of the claims of the Class whose members sustained similar types of injuries arising out of the conduct challenged in this action. The injuries flow from a common nucleus of policies and practices by the Defendants and are based on the same legal theories.

FIRST AMENDED CLASS ACTION
COMPLAINT - 8
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

42. There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

43. The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

45. The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

## CAUSES OF ACTION

### Count 1 – Washington Consumer Protection Act – Washington Class

46. As described more fully above, the Defendant offered for sale products that they represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

47. Washington's Consumer Protection/Unfair Business Practices Act ("CPA"), RCW 19.86.020 states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

48. Under the CPA, "any person injured in their business or property by a violation of [the CPA] may bring a civil action in superior court to enjoin further violations, to recover the

FIRST AMENDED CLASS ACTION COMPLAINT - 9
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee."

49. Under the CPA, a plaintiff must prove by a preponderance of the evidence the following: an unfair or deceptive act or practice occurring in trade or commerce, public interest impact, injury to plaintiff's business or property, and causation.

50. To find public interest impact in a consumer transaction, five factors apply: whether the alleged act was committed in the course of the defendant's business, whether it was part of a pattern or generalized course of conduct, whether repeated acts were committed prior to the act involving the plaintiff, whether there is a real and substantial potential for repetition of the defendant's conduct following the act involving the plaintiff, and, if the act involved a single transaction, whether many consumers were affected or are likely to be affected by it. Based on the allegations stated above, the public interest element is fully met.

51. Under the CPA, a plaintiff need not show that the defendant intended to deceive, only that the representations had the capacity to deceive a substantial portion of the public. There is no requirement to show reasonable reliance of the deceptive representations.

52. The Defendant's statements and material omissions about the quality of characteristics of Subject Recordings were false and deceptive and/or had the capacity to deceive the buying public.

53. Plaintiffs and the Class suffered damages that were proximate results of the Defendant's wrongful conduct.

54. Plaintiffs and the Class are entitled to recover actual damages, treble damages up to $25,000 per violation, prejudgment interest, and attorneys' fees and costs.

FIRST AMENDED CLASS ACTION
COMPLAINT - 10
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

### Counts 2 – Breach of Contract – National Class

55. As described more fully above, the Defendant offered for sale products that they represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

56. Plaintiffs and the Class accepted the offer of the Subject Recordings as described by the Defendants.

57. The products offered by the Defendants were sold with a stated or implied warranty of fitness for a particular purpose, i.e., the reproduction of 100% analog sound by the purchaser. The Defendants breached this warranty.

58. The Subject Recordings offered by the Defendants were sold with an implied warranty of merchantability, i.e., that they products were as stated in the promotions. The Defendants breached this warranty.

59. All contracts contain a warranty of good faith and fair dealing. The Defendants breached this warranty.

60. As a proximate result of the Defendant's breaches of warranty, the Plaintiff and the Class suffered economic injury in the amount of the purchase prices paid and are entitled to recover these sums with prejudgment interest.

### Count 3 - Unjust Enrichment – National Class

61. As described more fully above, the Defendants offered for sale Subject Recordings that they represented were triple analog, or all-analog, or were from an "all-analog mastering chain."

62. Plaintiffs and the Class accepted the offer of the Subject Recordings as described by the Defendant.

FIRST AMENDED CLASS ACTION
COMPLAINT - 11
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

63. The Defendant's statements and material omissions about the quality of characteristics of Subject Recordings were false and deceptive.

64. As a proximate result of their wrongful conduct, the Defendant have been unjustly enriched in the amount of the sale prices of the subject merchandise, and Plaintiffs and the Class are entitled to recover these sums.

**Count 4 -  Breach of the Illinois Consumer Fraud Act – National Class**

65. To state a claim under the CFA, a complaint must set forth specific facts that show a deceptive act or practice by the defendant; the defendant's intent that the plaintiff rely on the deception; the deception occurred in the course of conduct involving a trade or commerce; and the consumer fraud proximately caused the plaintiff's injury.

66. The CFA at 815 ILCS 505/2 provides as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45].

67. The referenced Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (7), specifically defines as a deceptive act or practice "represent[ing] that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another."

68. As stated more fully above, the Defendant's acts of misrepresenting the nature of Subject Recordings was a violation of 815 ILCS 505/2 and 815 ILCS 510/2 (7), that occurred in

FIRST AMENDED CLASS ACTION COMPLAINT - 12
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

the course of trade or commerce. Defendants intended that the Plaintiffs and the Class rely on the misrepresentations and/or omissions, and the Plaintiffs and the Class reasonably did so, and thereby suffered compensable damages.

69. The Plaintiffs and the Class are entitled to recover actual damages, prejudgment interest, exemplary damages, attorney's fees, and costs to the extent provided by law.

## PRAYER FOR RELIEF

Based upon the above allegations, the Plaintiffs request the following relief as appropriate for each cause of action:

A. An Order certifying that this action be maintained as a class action for all claims and appointing Plaintiffs as Representatives of the Classes and their counsel as Class Counsel;

B. For all actual, incidental, consequential, exemplary and/or statutory damages as provided for by law under the above causes of action that permit such relief including exemplary damages under the common law, the CPA, the CFA, and any other applicable provision of law, and recovery of other monies expended by Plaintiffs and members of the Class;

C. For an award of attorneys' fees to the extent available under applicable law;

D. For costs of suit herein incurred;

E. For pre- and post-judgment interest; and/or

F. For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

FIRST AMENDED CLASS ACTION COMPLAINT - 13
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**DATED:** December 20, 2022.

**BADGLEY MULLINS TURNER PLLC**

*/s/Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
Mark A. Trivett, WSBA No. 46375
19929 Ballinger Way NE, #200
Seattle, WA 98155
Telephone:  (206) 621-6566
Email: dturner@badgleymullins.com
           mtrivett@badgleymullins.com

*Attorneys for Plaintiffs and Putative Class*

FIRST AMENDED CLASS ACTION
COMPLAINT - 14
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

# CERTIFICATE OF SERVICE

I hereby certify that on December 20th, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

FIRST AMENDED CLASS ACTION COMPLAINT - 15
(Case No. 2:22-cv-1081-JLR)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686