UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN J. TUTTLE, et al.,<br><br>          Plaintiffs,<br>   v.<br><br>AUDIOPHILE MUSIC DIRECT INC., et al.,<br><br>          Defendants. | CASE NO. C22-1081JLR<br><br>ORDER |

Before the court are (1) Plaintiffs' unopposed motion for preliminary approval of the class action settlement in this matter (PA Mot. (Dkt. # 17); *see also* Turner Decl. (Dkt. # 18), Ex. 1 ("Settlement Agreement")) and (2) the parties' stipulated motion for an order staying this case pending the court's consideration of Plaintiffs' motion for

//

//

//

ORDER - 1

preliminary approval (Stay Mot. (Dkt. # 20)).  The court has identified the following issues that must be corrected before it can preliminarily approve the settlement:[1]

    1.    Paragraph 4.26 of the Settlement Agreement defines a "Qualifying Settlement Claim Certification Form" as "a Settlement Claim Certification Form that is completed, properly executed, and timely returned to the Settlement Administrator within **one-hundred and twenty (180)** days from the date of publication of Class Notice." (Settlement Agreement ¶ 4.26 (emphasis added).)  The parties shall clarify whether the deadline for returning the Settlement Claim Certification Form is 120 or 180 days from publication of notice.

    2.    The case number in the Proposed Order Granting Preliminary Approval of the Proposed Class Settlement is incorrect, and the deadlines highlighted on page 3 of that proposed order are not consistent with the dates proposed in Plaintiffs' motion.  (*See* Settlement Agreement, Ex. B at 1; *compare id.* at 3 *with* PA Mot. at 23.)

    3.    The case number in the Full Notice attached to the Settlement Agreement is incorrect.  (*See* Settlement Agreement, Ex. D, at 1 ("Full Notice").)  The parties shall correct the case number in the Full Notice.

    4.    The process for a Class Member to return an Applicable Record for a refund is unclear.  (*See* Full Notice ¶ 7.)  For example, what happens after a Class Member submits a Settlement Claim Certification Form?  Will the Class Member receive an acknowledgement from the Claims Administrator that his or her Settlement Claim

---

[1] Capitalized terms used in this order are defined in Section 4 of the Settlement Agreement.  (*See* Settlement Agreement ¶¶ 4.1-4.32.)

ORDER - 2

Certification Form has been accepted as a Qualifying Settlement Claim Certification Form?  Will Class Members who seek a full refund receive instructions for returning their Applicable Records, including a deadline for completing that return?  Are Class Members expected to return their Applicable Records before final approval of the class action settlement to receive a refund?  In addition, the instructions in the second paragraph of Paragraph 7 of the Full Notice are unreasonably dense and difficult to parse.  The parties shall clarify in the Full Notice the process a Class Member must follow to receive settlement relief.

     5.     The Proposed Order Granting Final Approval of Settlement is inadequate for the court's purposes and includes an incorrect case number.  (*See* Settlement Agreement, Ex. E ("Proposed Final Approval Order").)  The parties shall provide a revised proposed order that includes the findings required by Federal Rule of Civil Procedure 23(e)(2).

     6.     The Proposed Judgment includes an incorrect case number.  (*See* Settlement Agreement, Ex. F ("Proposed Judgment").)  In addition, the attorneys' fees and class representative service awards included in the judgment are inconsistent with the amounts in the Settlement Agreement.  (*Compare* Proposed Judgment ¶ 14 *with* Settlement Agreement ¶ 5.7.)  The parties shall provide a revised proposed judgment that includes the correct case number, attorneys' fees, and service awards.

     For the foregoing reasons, the court DENIES Plaintiffs' unopposed motion for preliminary approval of the class action settlement (Dkt. # 17) without prejudice.  Plaintiffs may submit revised materials with a renewed motion for preliminary approval.

The court is concerned, however, that there may be further errors in the settlement materials that are not identified above.  Accordingly, the court ADMONISHES the parties to review **all** of their materials carefully and thoroughly for consistency, clarity, accuracy, and conformity with the Federal Rules of Civil Procedure before resubmitting them to the court.

Finally, the court GRANTS the parties' stipulated motion to stay the case pending the court's consideration of the motion for preliminary approval (Dkt. # 20).  The parties are ORDERED to file either revised preliminary approval materials or a joint statement regarding the status of their revisions to the preliminary approval materials by no later than **January 31, 2023**.

Dated this 20th day of January, 2023.

JAMES L. ROBART
United States District Judge