HONORABLE JAMES L. ROBART
NOTING DATE: October 30, 2023

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN J. TUTTLE, et al,

               Plaintiffs,

   v.

AUDIOPHILE MUSIC DIRECT INC. d/b/a MUSIC DIRECT and MOBILE FIDELITY, SOUND LAB, INC. d/b/a MOBILE FIDELITY and/or MOFI,

               Defendants.

No.  22-cv-01081-JLR

**MOTION FOR FINAL APPROVAL**

## I. INTRODUCTION.

Plaintiffs Stephen Tuttle and Dustin Colman, on behalf of themselves and the Settlement Class they represent, respectfully submit this Motion for Final Approval.

In granting preliminary approval, this Court reviewed the Settlement with the same level of scrutiny as it would at the final stage and found that it was "fair, reasonable, and adequate." Dkt. #42, quoting Rule 23(e)(2). Since the Court's grant of preliminary approval, events have confirmed that final approval should be granted.

The notice program has been robust, reaching at least 99.2% of potential direct purchaser Class Members via mailed notice, with 80.1% of the same population also receiving direct e-mail

MOTION FOR FINAL APPROVAL - 1
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

notice.[1] The Court-appointed administrator Kroll Settlement Administration, LLC ("Administrator") also distributed notice of the settlement via targeted advertising and press releases to reach the indirect purchasers. *See* Declaration of Jeanne C. Finnegan ¶¶ 10-20. In total, approximately 27,430 potential Class Members received direct notice of this Settlement, and countless more received notice via advertisements and press releases.[2] *See* Fifth Declaration of Duncan C. Turner, Ex B (Kroll Report dated October 1, 2023).[3] By doing so, the Administrator effectively reached both direct and indirect purchasers of the Applicable Records and completed the Court-ordered notice program.[4]

The distributed notices provided Class Members the opportunity to claim substantial compensation under the proposed Settlement, including full refund of the Applicable Records. Class Members were able to submit individualized claims using the settlement website and using physical claim forms using U.S. Mail. To date, 1,486 Class Members have submitted claims for compensation and relief. Finnegan Decl. ¶ 23.  Many Class Members have also elected to keep their Applicable Records, and instead receive their settlement in the form of coupons and partial cash refunds. This confirms the advantages of the proposed multi-faceted relief structure. *See* Turner Decl., Ex. 2.

The proposed settlement provides meaningful relief for Class Members who purchased Applicable Records which are arguably audibly indistinguishable from those promised by

---

[1] Because the focus of this dispute, limited production vinyl records, are both highly fungible and sought-after on the secondary market, it is difficult to ascertain how many of the direct purchasers who received notice are in fact current-owners, and thus, satisfy the Class Definition.

[2] In contrast, only four (4) exclusion requests were made, and seven (7) objections were filed. The objections are addressed in Plaintiff's Response to Objections, filed contemporaneous with this brief.

[3] Turner Decl., Ex. 2 reflects Kroll's data through October 1 whereas the Finnegan Declaration contains data as of October 4, 2023.  This accounts for any discrepancies in the reported data.

[4] Capitalized terms in this motion have the same meaning assigned in the Revised Motion for Preliminary Approval unless otherwise indicated.

MOTION FOR FINAL APPROVAL - 2
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Defendants. Given the legal and factual risks associated with continuing this litigation, this is a fair, reasonable, and adequate outcome.

Plaintiffs respectfully request the Court grant final approval of the Settlement.

## II. FACTUAL BACKGROUND.

**A. Summary of Settlement.**

**1. Settlement benefits.**

The Settlement provides Class Members with multiple forms of available relief. Dkt. #28, Ex. 1, Settlement Agreement, ¶5.1(a-d). For individuals who want to return their Applicable Records, Class Members will receive a full refund including associated taxes and shipping. *Id.*, ¶5.1(a). For individuals who want to keep their Applicable Records, they may elect to either receive a coupon of 10% off another Music Direct purchase or a refund of 5% of the record's original purchase price and associated taxes and shipping. *Id.*, ¶5.1(b-c).

By structuring the settlement's relief in this fashion, Class Members were provided the opportunity to individually elect whether or not to keep their Applicable Records. The Settlement proceeds are allocated to Class Members based on their individual elections for each Applicable Record in their possession. To date, over 1,157 Class Members have made this election and will receive compensation or coupons for over 11,400 individual Applicable Records. *See* Fifth Turner Decl., Ex. B.

**2. The Settlement Class.**

The proposed Settlement Class is comprised of:

All original retail consumers in the United States who, from March 19, 2007, through July 27, 2022 purchased, either directly from a Defendant or other retail merchants, new and unused Mobile Fidelity Sound Lab, Inc. ("MoFi") vinyl recordings which were marketed by Defendants using the series labeling descriptors "Original Master Recording" and/or "Ultradisc One-Step," that were sourced from

MOTION FOR FINAL APPROVAL - 3
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

original analog master tapes and which utilized a direct stream digital transfer step in the mastering chain, and provided that said purchasers still own said recordings (the "Applicable Records"). Excluded from the Class are persons who obtained subject Applicable Records from other sources.

Dkt. #28, Ex. 1, ¶ 4.28.

Excluded from this Settlement Class are individuals who purchased the Applicable Records on the secondary market. *Id*.

**3. Released Claims.**

The Settlement releases specified parties, including Audiophile Music Direct, Inc. and Mobile Fidelity Sound Lab, Inc., and their respective owners from any and all claims asserted in this action, as well as any claims arising from the Defendants' "marketing, promotion and sale of the Applicable Records during the Applicable Period…" *Id*., ¶4.26.

**4. Fees, Costs, and Service Awards.**

In a separate motion, Class Counsel have requested an attorney fee and cost award of $290,000, to be paid separately and distinct from the compensation paid to Class Members. Class Counsel has also requested individual incentive awards of $10,000 for each of the Class Representatives. *Id*., ¶5.7.2.

**B. Notice and Administration.**

**1. The Notice Program.**

The Notice program has been extensive and successful. The Administrator reports that 99.2% of the direct purchaser potential Class Members received notice by mail or e-mail. *See* Fifth Turner Decl., Ex. B. In addition, indirect purchaser potential Class Members received notice via the Administrator's multimedia notice campaign. *See* Declaration of Jeanne C. Finnegan ¶¶ 5-8. For example, the Administrator conducted directed advertising on industry-specific websites,

MOTION FOR FINAL APPROVAL - 4
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

released press releases. *Id*. The Administrators also publicized the settlement on multiple community member-only audiophile forums. *Id*. ¶¶ 10-16. As result of the notice program, over 17,246 unique visitors have visited the Settlement Website so far. Finnegan Decl. ¶ 20.

The Settlement Website www.audiophilesettlement.com contains the Long-Form Notice, Claim Form, and frequently asked questions (FAQ). *Id*. The website also includes Class Counsel's contact information, as well as toll-free telephone numbers for the Administrator. *Id*. As of October 4, 2023, the Administrator had received 588 telephone calls from potential Class Members. *Id*. In addition, notice was issued in substantially the same manner and form approved by the Court in its Preliminary Approval Order. *Id*. ¶ 7.

**2. Claims, Opt Outs, and Objections.**

The claims process has demonstrated the Class's positive response to the Settlement. As of October 1, 2023, 1,486 Claims had been submitted, or a 5.40% claim submission rate compared to the number (27,434) of known direct purchaser potential Class Members. *See id*. ¶ 23. In contrast to the large number of claims, a tiny percentage of the estimated Class has opted out or objected. The Administrator has received four (4) requests for exclusion and seven (7) objections. Finnegan Decl. ¶ 20. The exclusions and opt outs represent .0146% and .0255% of estimated direct purchaser potential Class Members, respectively.

### III. DISCUSSION.

**A. The Settlement Merits Final Approval.**

To approve a class action settlement, a court must determine that the settlement is "fair, reasonable, and adequate." *In re Apple Inc. Device Performance Litig*., 50 F.4th 769, 780 (9th

MOTION FOR FINAL APPROVAL - 5
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Cir. 2022) (quoting Fed. R. Civ. P. 23(e)(2)). District courts apply a higher standard of fairness to settlements reached before class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)

To determine whether a settlement is fair, reasonable, and adequate, courts must address a number of factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.

**1. Factors Considered At Preliminary Approval Still Support Final Approval.**

In considering whether to grant preliminary approval to the Settlement, the Court reviewed it with the same level of scrutiny as it is required to do now. Dkt. #42, pg. 8. Plaintiffs' Revised Unopposed Motion for Preliminary Approval (Dkt. #26) addressed at length all but one of these factors. The remaining factor – the reaction of the Class Members to the proposed settlement – also supports final approval.

**a. The strengths and risks of the Plaintiffs' case.**

The strengths and risks of the Plaintiffs' case remain the same as they were at preliminary approval. Dkt. #26, pg. 12; *see also* Plaintiff's Reply In Support of Preliminary Approval, Dkt. #39, pg. 6-12. In short, this litigation is especially risky given the persistently high secondary-market value for many of the Applicable Records, even after Defendants' disclosure of their manufacturing process. *See* Dkt. #18, pg. 2-3, Declaration of Duncan Turner. This risk primarily

MOTION FOR FINAL APPROVAL - 6
CASE NO. 22-CV-01081-JLR

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

addresses the fundamental elements of injury and damages and is equally applicable to all of the asserted claims.

Had litigation continued, the Defendants would have been certain to raise the argument that Class Members were unable to audibly discern between all-analog and digital manufacturing processes, and therefore were not harmed. Furthermore, the Defendants would have likely argued that many Class Members continue to retain Applicable Records which are worth more than their original purchase price on the secondary market, and therefore, damages cannot be ascertained on a class-wide basis.

**b. Further litigation would be expensive, complex, and lengthy.**

Continued litigation would require additional expenses for discovery, depositions, and experts, and would likely require a lengthy and hotly contested trial. All of these expenses would ultimately be deducted from the Class's recovery, if any. Final approval is also supported by the additional complexity which would result from further litigation – including the need for extensive expert analysis on technical issues, the use of aggregate and market information to prove Plaintiffs' claims, and the challenges of addressing class certification and summary judgment for claims potentially spanning fifteen years of sales. Absent a settlement, the litigation would likely continue for many years before resolution.

**c. The risk of certifying a class and maintaining the case as a class action.**

Similarly, significant are the risks associated with certifying a class and maintaining the case as a collective action through trial. While Plaintiffs would likely be able to certify a class for at least some of the claims based on Defendants' general practices, individual issues would pose a problem on the issues of injury and damages.

MOTION FOR FINAL APPROVAL - 7
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**d. The relief offers in the Settlement is more than adequate.**

The Settlement's relief is fair, reasonable, and adequate. the Settlement provides that Class Members will have the opportunity to return their Applicable Records for a full refund, or alternatively, to keep their records and claim a 5% refund or 10% coupon towards future purchases from Defendants. Second Turner Dec., Ex. A, ¶5.1(a-d). Further, Class Members can elect which method of relief to receive for each individual album they purchased and have in their possession. *Id*. Therefore, the Settlement structure not only fairly distributes compensation each Class Member paid for each Applicable Record, but it also allows Class Members to make this election while considering the resale value of each Applicable Record on the secondary market.

As of October 1, 2023, Class Members had submitted claims for over 10,738 Applicable Records, including 2,498 full refunds. *See* Turner Decl., Ex. 2.

**e. The settlement is the result of informed and candid discussions.**

As a precondition of the Settlement, the Defendants produced a comprehensive list of Applicable Records, which was documented in a sworn declaration. *See* Dkt. #19, Declaration of James Davis. Further, throughout the notice period, the Defendants have assisted in responding to Class Member inquiries regarding which products qualify as Applicable Records subject to the Settlement.

**f. Class Counsel Believe the Settlement Is A Positive Result.**

Class Counsel are effective class action advocates and believe that the Settlement is a "strong" outcome in light of potential risks of continued litigation. Dkt. #42, pg. 10, Dkt. #49, pg. 9. This is based on the potential compensation offered to Class Members, which included a full refund plus tax and shipping, as well as the sophisticated and extensive notice program.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**B. Class Members' Reactions to the Settlement Have Been Positive.**

Since the Class had not yet received notice when Plaintiffs moved for preliminary approval, this was the only factor Plaintiffs have not previously addressed.

**1. Class Members Have Effectively Submitted Claims.**

As discussed in the Administrator's declaration, 1,486 Class Members have submitted claims, with roughly equal number submitted by mail and through the Settlement Website. Finnegan Decl., ¶ 23. This is approximately 5.4 % of potential direct purchaser Class Members. While 1,486 Class Members have submitted claims, only four have elected to opt out or seek exclusion. *See supra.* This low opt-out rate is particularly notable given the robustness of the notice program, which reached over 27,100 potential direct purchaser Class Members by both mail **and** e-mail and countless others via media exposure.

**2. The Few Objections Received Do Not Undermine the Conclusion that the Settlement is Fair Reasonable and Adequate.**

To date, Plaintiffs have received seven objections to the settlement. *See* Class Counsel's Response to Objections, filed concurrently herewith. This represents a ratio of approximately 1 in every 3,850 potential direct purchaser Class Members and is even lower if indirect purchasers are included. "It is the nature of a settlement, as a highly negotiated compromise . . . that '[i]t may be unavoidable that some class members will always be happier with a given result than others.'" *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015).

As previously indicated, Plaintiffs address each of the objections and comments in their separate Response, filed in conjunction with this motion. But looking at the small number of objections overall, its clear that the number of engaged Class Members who elected to seek compensation greatly outnumbers the number objecting or seeking exclusion.

MOTION FOR FINAL APPROVAL - 9
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**C. The Settlement Class Should Be Certified.**

In the Preliminary Approval Order, the Court found that, for settlement purposes, on a preliminary basis: the proposed Settlement Class satisfied was sufficiently numerous to satisfy Rule 23(a)(1); that there were common questions of law and fact sufficient to satisfy Rule 23(a)(2); that the claims of the proposed Settlement Class Representatives were typical of the claims of the Settlement Class and therefore satisfied Rule 23(a)(3); and that Class Counsel and the Settlement Class Representatives would (and had) fairly and adequately represent the interests of the Class and satisfied Rule 23(a)(4). Dkt. #42, Preliminary Approval Order pgs. 21-23. The Court also preliminarily found that common questions predominate over individual questions and that a class action is superior to other methods for adjudicating the case, and therefore that the case satisfies Rule 23(b)(3). *Id*. (predominance and superiority), And the Court preliminarily appointed Class Counsel based its evaluation under Rule 23(g). *Id*.

There have been no changes that would affect the Court's analysis of Rule 23(a), 23(b)(3), or 23(g) between the date Plaintiffs filed their Preliminary Approval Motion and now. Other than the limited and unpersuasive objections addressed in Class Counsel's Response to Objections, Class Counsel is not aware of any other concerns expressed about the Settlement, the proposed Class Representatives, or proposed Class Counsel. Plaintiffs therefore respectfully ask the Court to grant final approval to the proposed Settlement.

## IV. CONCLUSION.

Plaintiffs respectfully request that the Court certify the Settlement Class and grant final approval to the Settlement.

MOTION FOR FINAL APPROVAL - 10
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1 | *I certify that this memorandum contains 2591 words, in compliance with the Local Civil Rules.*

2

3 | Respectfully submitted this 6th day of October, 2023.

4 | **BADGLEY MULLINS TURNER PLLC**

5 | /s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
6 | 19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
7 | Telephone: (206) 621-6566
Email:dturner@badgleymullins.com,
8 | ***Attorneys for Plaintiffs and Class***

MOTION FOR FINAL APPROVAL - 11
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6th, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

        *s/ Yonten Dorjee*
        Yonten Dorjee, Paralegal
        **BADGLEY MULLINS TURNER PLLC**
        Email: ydorjee@badgleymullins.com

MOTION FOR FINAL APPROVAL - 12
CASE NO. 22-CV-01081-JLR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686